IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JANETTE SANCHEZ,

        Petitioner,

v.                                            CIV 06-1126 MCA/KBM

BARBARA WAGNER, Warden, et al.,

        Respondents.


# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Janette Sanchez's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and Respondents' Answer and motion to dismiss for, among other things, failure to exhaust. *See Docs. 1, 9, 11, 12.* I agree that the petition should be dismissed.

As a preliminary matter, I address some mistaken assertions by both parties. Sanchez is challenging the sentence imposed on July 10, 2006 in "CR-2004-33" as a result of a probation violation. *See Doc. 1* (and attached judgment thereto). Thus, she is correct that the original judgment was entered in September 2004, but for habeas purposes the date of the conviction she is challenging is the July 2006 judgment. *See id.* at 2.

Respondents believed Document Number 11 was filed in error and thereafter filed a different set of attachments and resubmitted their Answer as Document Number 12. *See Docs. 11, 12* (and docket entries thereto). Actually, Document Number 11 was not filed in error here, and the new attachments to Document Number 12 are state records for a defendant named

"Tony L. Hunt," that should have been filed in *Hunt v. Ulibarri,* CIV 06-1114 MCA/DJS.  Thus, my references to exhibits below are those attached to Document Number 11.

As a result of her probation violation, District Judge Edmund H. Kase, III, sentenced Sanchez to approximately two-years imprisonment followed by two years of parole.  *See Exhibit A.* Defendant indicates that she wrote to the judge and the attachments to her § 2254 petition include a letter dated November 14, 2006 with no response, and letters dated October 2, 2006 and August 28, 2006, that are followed by letters from Judge Kase to the deputy district attorney. His September 1, 2006 and October 11, 2006 letters forward the letters to the district attorney for her "information and any appropriate action."  *Id.* at 3 (attachments thereto).  The content of these letters contain the same claims Sanchez wants to pursue here.  *See id.* at 6-7.

Respondents' pleadings indicate that they have found no proceedings instituted under Rule 5-802:  "Petitioner did not file a direct appeal or any state habeas corpus petition.  A state habeas corpus petition is an available state court remedy.  Rule 5-802 NMRA 2007."  *Doc. 12* at 2, ¶ 5; *see also Doc. 11* at 2, ¶ 5 (identical).  The federal petition bears out this assertion.

In answering the procedural section of the pre-printed § 2254 form, Sanchez claims that she did institute "post-conviction proceedings" by her letters to Judge Kase and that his September 1, 2006 letter to the district attorney constitutes the final result.  She also sets forth her mistaken view that because she has no access to a law library that she need not have appealed the matter further.  *See Doc. 1* at 3-4.  However, it is equally plain from her submission that if the letters have instituted some sort of state proceeding, they have not concluded, or that she has yet to file a petition for state habeas relief under Rule 5-802 as Respondents assert.

Where, as here, "claims are entirely unexhausted, the § 2254  petition should be dismissed

2

without prejudice." *United States v. Hickman,* 191 Fed. Appx. 756, 757 (10th Cir. 2006) (§ 2255

petition construed as under § 2254).  According to Respondents there is no procedural bar to

Petitioner pursuing state habeas relief, and therefore she should be required to do so.  *See e.g.,*

*Bland v. Sirmons,* 459 F.3d 999, 1012 (10th Cir. 2006) ("Generally, a federal court should dismiss

unexhausted claims without prejudice so that the petitioner can pursue available state-court

remedies. . . .  However, "'if the court to which Petitioner must present his claims in order to meet

the exhaustion requirement would now find those claims procedurally barred, there is a

procedural default for the purposes of federal habeas review.'") (citations omitted).

   Wherefore,

   **IT IS HEREBY RECOMMENDED** that Respondents' motion to dismiss *(Doc. 9)* be

granted in part, and the § 2254 petition be dismissed WITHOUT prejudice for failure to exhaust.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF**

**SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A**

**party must file any objections with the Clerk of the District Court within the ten day period**

**if that party wants to have appellate review of the proposed findings and recommended**

**disposition.  If no objections are filed, no appellate review will be allowed.**

---

      _____
      UNITED STATES MAGISTRATE JUDGE